# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Charles Lamont Miller,                    Case No. C-1-02-554

     Plaintiff

     vs

Joe Sprague, et al.,                    **SUPPLEMENTAL REPORT**
                                        **AND RECOMMENDATION**
     Defendants                    (Dlott, J.; Hogan, M.J.)


This matter is before the Court on defendants' renewed motion for summary judgment (Doc. 66), plaintiff's response thereto (Doc. 67), and defendants' reply memorandum. (Doc. 68).

On October 29, 2003, the undersigned issued a Report and Recommendation that defendants' motion for summary judgment be granted on plaintiff's Fourth Amendment *Terry* stop, equal protection, denial of medical care, and denial of access to the courts claims, but denied on plaintiff's excessive use of force claim. (Doc. 44). The undersigned herein incorporates by reference the Report and Recommendation of October 29, 2003.

Defendants have renewed their motion for summary judgment on plaintiff's excessive use of force claim. This Court previously denied defendants' motion for summary judgment on plaintiff's Fourth Amendment excessive force claim finding material issues of fact exist on the reasonableness of the force used by defendants:

> Viewing the evidence in the light most favorable to the plaintiff, *Berryman v. Rieger*, 150 F.3d 561, 562 (6th Cir. 1998), the issue of the reasonableness of defendants' use of force is an issue of fact which precludes summary judgment for defendants on the excessive force claim. Here, plaintiff's affidavit states that while in the police

cruiser, he experienced an asthma attack and attempted to summon help from defendants by pounding and kicking the window. At this point, he avers that defendants opened the door, grabbed him by his feet, and pulled him out of the cruiser, causing his head to strike the ground. Plaintiff's affidavit states that defendants proceeded to kick and hit him, calling him "nigger" in the process. He states he was "hog tied" and called a "slave" and placed back in the cruiser. Defendants dispute using any racial slurs against plaintiff and assert that plaintiff was secured with leg irons and tethers to protects plaintiff's own safety, as well as the safety and property of the officers.

For purposes of summary judgment, the Court must accept the plaintiff's version of events as true, and must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby, Inc.*, 477 U.S. at 251-52. In this case, plaintiff's affidavit indicates that defendants kicked and hit him after he was already handcuffed and on the pavement. He further states that defendants used racial slurs in the process. Plaintiff's facts, if true, would indicate that the force used exceeded that reasonably necessary to accomplish the arrest and to secure plaintiff and the area. The Court notes that the credibility of plaintiff's statements is an issue for the jury, and a jury certainly would be entitled to credit that testimony. The Court cannot assume that a jury would disbelieve plaintiff unless his testimony is so unbelievable or so discounted by other evidence that a reasonable jury could not believe it. The Court does not find other evidence creating that result. Although defendants contend the audio tape shows no racial slurs or statements were made by the defendants, the Court notes the audio tape terminates prior to alleged confrontation at issue. Where plaintiff's affidavit is based on first hand knowledge and states facts creating a claim of excessive force, the Court

2

> may not resolve the case by finding one witness more
> credible than another. *Kain v. Nesbitt*, 156 F.3d 669, 672
> (6th Cir. 1998). The facts viewed in the light most
> favorable to the plaintiff show defendants use of force
> against him was excessive and that a constitutional
> violation has occurred.  *Saucier,* 533 U.S. at 201.

(Doc. 44 at 12-13).

In support of their renewed motion for summary judgment on plaintiff's
excessive force claim, defendants submit the affidavit of Thomas L. Ackley,
Lieutenant of the Brown County Sheriff's Office. (Doc. 66, attachment).  Lt.
Ackley states that plaintiff was brought to the Brown County Sheriff's Office for
booking at approximately 2:45 p.m. on April 27, 2002.  According to the Booking
Form, there were no scars, markings, or tattoos (section "S/M/T" on the form)
recorded at booking. (Doc. 66, Ackley Aff. ¶6).  Lt. Ackley states that plaintiff
"did not have any physical signs such as scrapes, bruises or open wounds
consistent with someone that would have been subject to excessive use of force."
(Doc. 66, Ackley Aff. ¶7).  In essence, defendants contend that because plaintiff
had no physical signs consistent with an alleged use of force, they are entitled to
summary judgment.

The Sixth Circuit has held that "a plaintiff may allege use of excessive force
even where the physical contact between the parties did not leave excessive marks
or cause extensive physical damage." *Ingram v. City of Columbus*, 185 F.3d 579,
597 (6th Cir. 1999), citing *Holmes v. City of Massillon*, 78 F.3d 1041, 1048 (6th
Cir. 1996) (upholding excessive force claim where plaintiff alleged that officers
used excessive force in removing her wedding ring).  The Court in *Ingram* went on
to explain:

> Claims of excessive force do not necessarily require allegations of
> assault. *See Cornwell v. Dahlberg*, 963 F.2d 912, 915 (6th Cir. 1992).
> As we recognized in *Holmes*, a victim of police brutality may recover
> under § 1983 for 'emotional harm [that] can often be quite difficult to
> measure in mere monetary terms.' 78 F.3d at 1048. In accordance with
> these legal precedents, the district court erred in finding, as a matter of
> law, that the officers did not use excessive force against Ingram and
> Collins on the grounds that they did not suffer sufficient injuries.

3

*Ingram*, 185 F.3d at 597.  *See also Kostrzewa v. City of Troy*, 247 F.3d 633, 640 n.3 (6th Cir. 2001)(Regardless of whether Kostrzewa's injuries left physical marks or caused extensive physical damage, he can still successfully allege that Officers used excessive force against him.).

Thus, the fact that Lt. Ackley may not have observed physical marks on plaintiff when he was booked at the Brown County Sheriff's Office does not lead to the inescapable conclusion that the defendants did not use excessive force against plaintiff prior to his arrival at the Sheriff's Office. *Ingram*, 185 F.3d at 597. As indicated in the previous Report and Recommendation, plaintiff's affidavit states he was grabbed by his feet and pulled out of the police cruiser causing him to strike his head on the ground.  Plaintiff states defendants then kicked and hit him, calling him "nigger."  Plaintiff was then restrained with handcuffs, shackles and "a dog leash," then placed back in the cruiser.  Plaintiff states the defendants laughed at him, called him a "nigger," and said he looked like a slave.  Plaintiff's version of the facts, if accepted by the jury as true, would establish that the force used by defendants surpassed that which was reasonably necessary to secure his arrest. The issue of credibility cannot be determined by the Court on summary judgment, but is an issue for the jury at trial.  Accordingly, the Court finds no basis for reversing its decision on plaintiff's excessive use of force claim.

**IT IS THEREFORE RECOMMENDED THAT**  defendants' renewed motion for summary judgment (Doc. 66) be **DENIED**.



Date:   8/30/2004         s/Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge

4

## NOTICE TO THE PARTIES REGARDING THE FILING OF
## OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).