IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles Lamont Miller,

    Plaintiff,

v.

    Case No. 1:02cv554

Joe Sprague, et al.,

    District Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

Before the court are the following:

1. The October 29, 2003 Report and Recommendation (Report) issued by Magistrate Judge Hogan (Doc. 44), concerning the April 4, 2003 Motion of Defendants Joe Sprague and Tim Hubbard (hereinafter collectively Defendants) for Summary Judgment (Doc. 19). Plaintiff Charles Lamont Miller (Plaintiff) filed Objections to the Report on December 23, 2003 (Doc. 52). Defendants filed a Memorandum in Opposition to Plaintiff's Objections on December 24, 2003 (Doc. 55).

2. The December 24, 2003 Motion of Defendants to Strike Plaintiff's Objections (Doc. 54). Plaintiff filed a Memorandum in Opposition on January 8, 2004 (Doc. 59).

3. The September 1, 2004 Supplemental Report and Recommendation (Supplemental Report) (Doc. 72) issued by Magistrate Judge Hogan concerning the May 18, 2004 Second Motion of Defendants for Summary Judgment (Doc.

66). No objections to the Supplemental Report have been filed.

4. The March 9, 2004 Motion of Plaintiff for Reconsideration (Doc. 63). Defendants filed a Memorandum in Opposition on March 16, 2004 (Doc. 64). Plaintiff filed a Reply on March 26, 2004 (Doc. 65)

5. The September 15, 2004 Motion of Plaintiff for Reconsideration (Doc. 73). This motion is unopposed.

## I. MOTION TO STRIKE

Defendants move to strike Plaintiff's objections to the October 29, 2003 Report as untimely. After receiving a copy of the magistrate judge's report and recommendation, a party has 10 days to make specific written objections. Fed. R. Civ. P. 72(b). On November 17, 2003, Plaintiff moved for a 30 day extension to the deadline (Doc. 47), which was granted November 20, 2003 (Doc. 48). Accordingly, the deadline for Plaintiff to file objections was December 19, 2003. Plaintiff filed his objections on December 23, 2003 (Doc. 52), prompting Defendants' Motion to Strike.

In response, Plaintiff states he is incarcerated and proceeding *pro se* in this matter. As a result, his objections should be timely if delivered to the prison authorities for mailing by the deadline. The Sixth Circuit holds that filings by *pro se* prisoners are deemed filed at the time they are given to prison authorities for mailing to the clerk of court. *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002). The certificate of service on Plaintiff's Objections to the Report is dated December 18, 2003. Accordingly, Plaintiff's Objections to the Report are timely filed. Therefore, Defendants' December 24, 2003 Motion to Strike (Doc. 54) is hereby **DENIED**.

## II. OBJECTIONS

### A. Legal Standard

On a dispositive matter, a district judge must make a *de novo* review of the portions of a magistrate judge's report and recommendations to which specific written objections have been made. Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.*

### B. October 29, 2003 Report

Magistrate Judge Hogan's Report makes five recommendations concerning Defendants' Motion for Summary Judgment (Doc. 19):

1. Grant summary judgment to Defendants on Plaintiff's Fourth Amendment search claim;

2. Grant summary judgment to Defendants on Plaintiff's Fourteenth Amendment equal protection claim;

3. Deny summary judgment to Defendants on Plaintiff's Fourth Amendment excessive force claim;

4. Grant summary judgment to Defendants on Plaintiff's Fourteenth Amendment denial of medical treatment claim;

5. Grant summary judgment to Defendants on Plaintiff's claim of denial of access to the courts.

Plaintiff's objections principally concern the first recommendation, which concludes Defendants had probable cause to stop Plaintiff's vehicle and conduct a

3

search. However, Plaintiff also makes passing objections to the fourth and fifth recommendations of the Report. The Court, reviewing Plaintiff's objections and the Report *de novo,* concludes these objections do not establish a legal basis to reject any of the recommendations and finds no error in the Report.

Accordingly, the December 23, 2003 Objection of Plaintiff to Report and Recommendation (Doc. 52) is hereby **DENIED**, and the October 29, 2003 Report and Recommendation issued by Magistrate Judge Hogan (Doc. 44) is hereby **ADOPTED** in its entirety. The April 4, 2003 Motion of Defendants for Summary Judgment (Doc. 19) is hereby **GRANTED** with respect to Plaintiff's claims of unlawful search, denial of equal protection, denial of medical treatment and denial of access to the courts. The motion is **DENIED** with respect to Plaintiff's excessive force claim.

### C. September 1, 2004 Supplemental Report

The Supplemental Report recommends denial of Defendants' Second Motion for Summary Judgment (Doc. 66) on Plaintiff's excessive force claim after consideration of an affidavit submitted by Defendants. The Court has reviewed the Supplemental Report *de novo,* and finds no error in it. Accordingly, the September 1, 2004 Supplemental Report (Doc. 72) is hereby **ADOPTED**, and the May 18, 2004 Second Motion of Defendants for Summary Judgment (Doc. 66) is hereby **DENIED**.

## III. MOTIONS FOR RECONSIDERATION

### A. Order Denying Motion to Compel

Plaintiff seeks reconsideration of Magistrate Judge Hogan's February 24, 2004

4

Order (Doc. 62) denying the December 15, 2003 Motion of Plaintiff to Compel. The February 24, 2004 Order denies Plaintiff's Motion based on Plaintiff's inattention to court-imposed discovery deadlines. Since Plaintiff's discovery requests seek information related only to claims for which summary judgment has been granted, the March 9, 2004 Motion of Plaintiff for Reconsideration (Doc. 63) is **DENIED** as moot.

### B. Order Denying Appointment of Counsel

Plaintiff also seeks reconsideration of Magistrate Judge Hogan's September 8, 2004 Order (Doc. 70) denying Plaintiff additional time to complete discovery and appointment of counsel. A magistrate judge's pretrial order on a nondispositive matter is subject to modification or to be set aside if it is "clearly erroneous or contrary to law." Fed R. Civ. P. 72(a). Magistrate Judge Hogan has correctly stated that the law does not require the appointment of counsel to indigent plaintiffs in civil cases. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

Accordingly, the September 15, 2004 Motion of Plaintiff for Reconsideration (Doc. 73) is **DENIED**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**